IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AVEPOINT, INC., | ) | |
| Plaintiff | ) | |
| v. | ) | Case No.   7:11-CV-00424 |
| GETTY IMAGES (US), INC. | ) | |
| Defendant | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**
**NON-INFRINGEMENT OF COPYRIGHT**

Plaintiff AvePoint, Inc. ("AvePoint") herby files a complaint for Declaratory Judgment of Non-Infringement of Copyright against Defendant Getty Images (US), Inc. ("Getty"), and requests that this Court enter a Declaratory Judgment which sets for that (1) Avepoint is not liable for copyright infringement for use of images on its website www.avepoint.com; and (2) Getty is not entitled to any compensation from AvePoint.  As support for this Complaint for Declaratory Judgment, AvePoint state as follows:

**JURISDICTION AND VENUE**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and under the Copyright Act, 17 U.S.C. 101 et seq. (the "Copyright Act"), requesting relief: (1) that AvePoint has not infringed any copyrights, if any, of Getty; and (2) that Getty is not entitled to any compensation from AvePoint.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, and the Copyright Act.

3. This Court has personal jurisdiction over Getty since it conducts ongoing and continuous business in the Commonwealth of Virginia.

4. Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims asserted herein occurred in this Judicial District.

## THE PARTIES

5. AvePoint is a Delaware corporation with business operations in Virginia.

6. Getty is a New York corporation with its principal place of business at 601 North 34th Street, Seattle, Washington 98103.

## FACTS

7. In or around early May, 2011, Getty first contacted AvePoint alleging copyright infringement arising out of AvePoint's use of two images on its website located at http://www.avepoint.com.

8. In response, AvePoint requested that Getty provide proof that these images are the subject of a valid copyright registration with the U.S. Copyright Office and that Getty has been assigned the exclusive right to enforce copyright infringement of these images.

9. To date, despite numerous requests from AvePoint, Getty has failed to provide this requested proof to AvePoint.

10.     Despite its inability or unwillingness to provide this requested proof to AvePoint, Getty continues to wrongfully accuse AvePoint of copyright infringement, demand that AvePoint pay Getty for the use of these two images, and threaten litigation against AvePoint.

11.     On August 15, 2011, AvePoint was contacted by Getty's outside counsel, McCormack Intellectual Property, P.S., 617 Lee Street, Seattle, Washington 98109.  Getty's outside counsel stated that it had been retained to pursue copyright infringement claims against AvePoint.  Getty's outside counsel stated that Getty would not pursue its copyright infringement claims against AvePoint if AvePoint executed a settlement and release agreement and paid $2,450.00.

12.     There is an actual case or controversy between the parties concerning (1) whether AvePoint can be liable to Getty for copyright infringement and, if so, (2) whether Getty is entitled to any compensation from AvePoint.

**CAUSES OF ACTION**

**COUNT NO. 1 – DECLARATORY JUDGMENT**

13.     AvePoint realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14.     There is an actual case or controversy between the parties concerning (1) whether AvePoint can be liable to Getty for copyright infringement and, if so, (2) whether Getty is entitled to any compensation from AvePoint.

15. Getty alleges that AvePoint is liable for copyright infringement for using certain images on its website.

16. AvePoint denies that it can be held liable to Getty for copyright infringement.

17. AvePoint denies that Getty is entitled to any compensation for AvePoint's alleged copyright infringement.

18. AvePoint therefore seeks a declaratory judgment from this Court (1) stating that AvePoint is not liable for copyright infringement; and (2) stating that Getty is not entitled to any compensation from AvePoint.

## PRAYER FOR RELIEF

WHEREFORE, AvePoint prays that the Court enter judgment awarding AvePoint the following relief:

i. Entry of judgment according to the declaratory relief sought herein;

ii. AvePoint's attorneys' fees and costs; and

iii. Such further and other relief as the Court deems just and equitable.

Dated:  September 7, 2011                                    Respectfully submitted,

 /s/ Joshua F. P. Long
Joshua F. P. Long (VSB#65684)
WOODS ROGERS PLC
P. O. Box 14125
Roanoke, VA  24038-4125
(540)983-7725 phone
(540)983-7711 fax
Email:  jlong@woodsrogers.com